I have three arguing cases this morning. The first is number 23, 1377, Rodenheiser v. McDonough. Mr. Carpenter. May it please the court, Kenneth Carpenter appearing on behalf of Mrs. Deborah Rodenheiser, mother of the deceased veteran Thomas Rodenheiser, who was the appellant before the Veterans Court. This court asked that we be prepared to address this court's decision in Smith through Hicks v. McDonough and I am prepared to start my argument with that unless the court wants to. Let's couple that with Merritt. So if I understand Merritt and Smith, they're saying that 5121A, whatever the number is, which provides for the filing of a claim after a veteran dies, is dealing only with claims that are pending before the Veterans Administration and not those in the Veterans Court or in this court. That's yes, that's correct. Okay. And so how do you get around that? Your Honor, the Veterans Court's reliance upon its precedent in Breedlove is where the error in this case occurred. And the reason that we are able to get around it is because the substitution provisions of the Veterans Court are controlled by its rules and are not controlled by either the statute or the VA determination regarding substitution. The Veterans Court seems to have said what their rules are and they first want to have some sort of determination from the VA on a motion for accrued benefits. And that's where the decision in Breedlove is incorrect and inconsistent with the statutory requirements of 5121A for substitution. But we rejected that in Merritt. No, Your Honor, I don't believe that you did in Merritt. Merritt was a standing issue based upon the fact that there hadn't been a timely motion. They said that the substitution motion doesn't give you a substantive right to the claim, that you have to get that separately. And you have to get that separately by filing a claim with the VA under 5121. That is not correct, Your Honor. But that's what it held. That's what Merritt held. I don't believe that that's what Merritt held. What Merritt held was is that Mrs. Merritt had not made an application within one year. That is not the case here. She made a request for substitution, which is all that's required by the statute. The statute only requires a request to be substituted. She did that. That was in the record. It was before the VA. And the Veterans Court was on notice of that. And therefore, when the Veterans Court relied upon Breedlove to require an actual application for accrued benefits, it was incorrect as a matter of law. Because the requirement under 5121 capital A is only that a request for substitution be made within one year. And she did that. Do you think that the conclusion in Breedlove, and I think essentially approved by us in the Smith case, that 5121 big A does not apply to substitution once the matter is in the Veterans Court or above? Do you disagree with that? I do not disagree with that. So what 5121 big A says is not controlling of the substitution standard that the Veterans Court can adopt and has adopted, right? I respectfully disagree, Your Honor, because the statute only requires that a request be made. Which statute? 5121 capital A. But it doesn't apply to substitution. No, I understand that, Your Honor. But the issue in Merritt was, was there a timely request made in order to have standing? The decision in Merritt was a standing decision that she did not have standing because she did not make that request. Well, that same thing applies here. I beg your pardon? The same problem exists here. But it does not, Your Honor, because what she did make was all that was required by statute, which was a request for substitution, not a request for accrued benefits. The application for accrued benefits is an application that is processed as a separate derivative right. The request for substitution is a procedural mechanism under which Congress has provided that a person who is eligible to proceed with accrued benefits may make a request to be substituted. Those are two different statutory requirements. But you seek to acquire accrued benefits to the extent of the funeral expenses, correct? That's correct, Your Honor. I really don't understand what you're saying. Because the language in the statute only requires a showing of eligibility to seek accrued benefits, not an application for accrued benefits. But since we've all agreed, I hear your point, but since we've all agreed that 5121 Big A does not apply in the Veterans Court, why couldn't the Veterans Court develop its procedure for what it wanted for substitution in its court? And it did so, I believe, in 2010 in Breedlaw. Why wasn't it able to do that? Why doesn't it have the discretion to announce what its procedure is? Because that requirement is inconsistent with the statutory requirements set out by Congress. The statute doesn't apply to the Veterans Court. It does not apply to the Veterans Court, Your Honor, but it does apply to the agency. And in the rule that you say was created in Breedlaw, the Veterans Court delegated, inappropriately, its authority to decide who will be substituted to the secretary. They wanted to have a fact-finding, right? But a fact-finder is not required in this circumstance, Your Honor, because the requirement under the statute is only that the person be eligible to make application for accrued benefits. Which statute? 5121 Capital A. But that doesn't apply. I understand that, Your Honor. But that's the predicate for the rule in Breedon. to determine who is an appropriate person to be substituted. That is the only requirement under the court's regulation. It is inappropriate for a court to delegate to an agency the obligation to determine who will and who will not be substituted in their court. That application was denied by the VA and is on appeal now to the Veterans Court. Where does that appeal stand? It has just been filed and is just being preceded. The briefing has not? Oh, no. The briefing hasn't started yet. The decision was just made in August, and I think it was filed sometime in September. And so we don't even have a briefing order yet in that case. But that case will decide what the Veterans Court made reference to in its decision, which is whether or not she is or isn't an appropriate person to be substituted. The board said on a different ground than the agency said that she was not such an appropriate person. If she prevails in that appeal, then she has the standing to be substituted in a case which should not have been dismissed and was dismissed prematurely before she had the opportunity to exhaust her appellate remedies. Okay, so if I understand what you're saying correctly, it's not that we're supposed to decide the issue of standing, which you say is pending in the other case. It's only a question of whether she can be substituted pending a decision on the standing issue. Well, I would put it a slightly different way, that the court prematurely dismissed Mr. Rodenheiser's appeal and her request to be substituted. So if she gets standing, she's confronted with a problem that she's not been substituted in the case. Correct. Okay, I understand what you're saying. Is there a reason why a motion for accrued benefits wasn't filed in the VA in July 2021 after the government filed its brief faulting your client for not filing one? Because one is not required. It would have been timely if it had been filed. But it would have been an application for accrued benefits. She's not seeking accrued benefits. She is seeking to be substituted. She was seeking accrued benefits. No, she's seeking funeral expenses, which are part of accrued benefits. That's the qualifying predicate for eligibility under 5121 capital A to be substituted. So can I ask this question? And you'll correct me about my understanding. So if one had a 5121 big A situation, then somebody who is substituted there, what does that person—and let's suppose for a minute that there are no other possible substitutes. Do I understand that either the statute or the regulation entitles that person to the entirety of any victory in the veteran's claim now being pressed by—litigated by the substitute? That question has been adversely decided by the Veterans Court in Frazier, and that appeal and cross appeal have been filed before this court on that very issue. All right. So whereas an accrued benefit claim under 5121 full stop would be, at least for your client, would be limited under C to the funeral expenses. Actually, it would not be limited under C. It would be limited under A6. Yes, A6. I'm sorry. C is the requirement that you actually make an application within one year for accrued benefits. Okay. And there's also a disparity, right, between the accrued benefit situation and substitute in what evidence might be the basis. That is correct, Your Honor. If you're a substitute, you— There is no restriction on the direct evidence that can be— You get to develop new evidence on a remand or something. And that's the purpose of 5121 capital A, to complete the pending claim. The disconnect here, and Breedlove got it right, that 5121A, as written by Congress, does not pertain to the Veterans Court. But the problem is what happens when you have an appeal to the Veterans Court, which, if vacated and remanded, would result in a claim pending before the Veterans Court. And so if she prevails in the appeal for her son, then she would have a claim pending. That was the basis for the original denial by the agency for substitution, that there was no claim pending. I'm going to go into my rebuttal time now. I reserve the balance for tonight. All right. Let's hear from the government. Mr. Jordan. It pleases the Court. This Court should affirm the decision of the Veterans Court because the VA has not found that appellant, Ms. Deborah Rodenheiser, is an accrued benefits claimant entitled to accrued benefits unpaid and due to her son, Thomas Rodenheiser, at the time of his death on September of 2020. The VA is the only entity that can determine whether Ms. Rodenheiser is an eligible accrued benefits claimant. And there is such a claim pending before the VA. So, correct. And it was timely. That was timely under 5121C. I'm sorry, what claim was pending and timely? So there was no pending claim timely. I understood the Court to be articulating what is required under 5121. No. What I was trying to get at is Mr. Carpenter seems to be saying that the issue of standing depends on the outcome of a proceeding before the VA as to whether she has a claim for accrued benefits to the extent of the funeral expenses.  Right? And do you agree that there is such a claim pending at the VA? No, there's no such claim because the VA has not made that determination. Now, there is another case. I'm sorry. There's one question about whether a claim has been filed. There's a separate question about whether VA has made a determination. Which is your position? I took it. Yeah, and I'm not even sure what the Veterans Court position is. I understand the facts to be this, that the veteran died in September of what, 2021?  Okay. 2020.  In November, there was a filing made before the regional office. The filing was on a form about substitution. And there is an issue now about whether that filing should be treated as a 5121 subsection C claim for accrued benefits. That's the issue that's now being briefed in the Veterans Court. Is that right? Correct. And another case. Okay, so I think I understand what the claim situation is. The determination situation, I'm a little confused about. To the extent that the Veterans Court was saying, the only way this appeal can proceed is if we have an appellant in front of us with a stake, essentially a standing point. We don't. We don't at least after September of 2021. Because at that point, the one-year time limit of 5121 subsection C has expired. And unless we treat the November 2020 filing as an accrued benefits claim under 5121 C, there cannot be eligibility because there was no timely claim. That's correct. That filing in December of 2020, I believe it's on appendix page 61 or 62. If in that other case, they find that that is an application for accrued benefits, in that other case, then my understanding is that Ms. Ronheiser was unsuccessful before the RO and the BVA is currently on appeal. But if she's successful in the Veterans Court, she will have a claim and she will have standing, right? In that other case. Yeah, but I think the problem that Mr. Carpenter is identifying, if this case gets dismissed, even though she ultimately establishes standing, she will have no remedy to be substituted because the case will have gone. That's incorrect with respect to accrued benefits, which is the real interest here because the BVA, I'm sorry, the Veterans Court vacated the adverse veterans decision, which it did on page three of its decision. So the adverse decision that was on appeal at the time of Mr. Ronheiser's passing has been vacated and Ms. Ronheiser can pursue accrued benefits as a claim before the BVA. And what can be litigated? What can she litigate in that proceeding? So she can litigate his appeal that was pending at the time of his death, but the amount she can collect is capped at the amount. And she can litigate that appeal only on the pre-death evidence. Isn't that what 5121 says? So there is no claim after his passing. I'm sorry. I think you were here from my colloquy with Mr. Carpenter. There's a big difference between 5121 accrued benefits claims and 5121 capital A substitution in the following regard. A substitute can expand the record beyond the evidence that was in the record at the time of the veteran's death. An accrued benefits claimant under 5121 cannot. Is that right? I should say I don't have any doubt about this. So, I mean, I could be just completely off. So my understanding of substitution is that substitution would allow the individual to step in the place of that claim that was pending at the time of death. So at the Veterans Court, whether the appeal of an adverse BVA decision, Ms. Rodenheiser can just step in. But that's been vacated, that adverse decision. But she can't because of what the Veterans Court did. If she establishes standing, why isn't she then able to be substituted for the Veterans Court in the accrued benefits appeal? So there's also an issue of waiver, too. At the level below, Ms. Rodenheiser said she's not seeking accrued benefits. No, no, but she is to the extent of the funeral expenses. That's what the statute provides. It's an accrued benefits claim, but only to the extent of funeral expenses. Correct. But I don't think you've answered my question. I'm not understanding why her case in the Veterans Court got dismissed when she's trying to establish that she has standing. Because if any effort to substitute herself after establishing standing would then be untimely, she wouldn't be able to continue the case in the Veterans Court, no? Because there was no BVA determination. But that's right. There's no application. She wins her standing appeal. It's too late for her to be substituted in the Veterans case in the Veterans Court, right? Correct. It's too late because that one year has passed. The application was not there. It seems to me unfair. Why shouldn't the Veterans Court hold the appeal until the standing issue is resolved? Because Ms. Rodenheiser can still pursue that claim for accrued benefits before the BVA and then eventually the Veterans Court. She has to start over again. That's what she doesn't want to do. Let me just add. It's not just that she has to start over. This is the point about the different evidentiary record. My understanding, I think from the text of 5121, it says that if you're an accrued benefit claim, you get to claim it. You get to litigate the rest of the veteran's claim. The veteran was saying, I didn't get enough money, and then the veteran died. But the accrued benefits claimant is limited to the pre-death evidence. Pre-death evidence, right? The evidence in the record at the time of the death of the veteran. And that's not true for a substitute. And that could matter, right? We've certainly seen enough cases where there's a remand for more evidence and more evidence then changes the outcome. And that's what starting over with a pure accrued benefits claim under 5121 would not allow. All of which is to say, it feels like it might make a difference, which you're suggesting it really doesn't make a difference, whether she's remitted to a accrued benefit claim starting over or this appeal is held until the standing question is resolved. Correct. That's what the Veterans Court held. There is no difference because she can still pursue that remedy and the appeal that's currently pending. And I think any question of whether there's an evidentiary difference would certainly be unright. I don't recall the parties briefing that issue. What I do recall is in the briefs is that Ms. Rodenheiser argued that she's not seeking accrued benefits. She simply filed a motion to substitute. And I think the court's cases in Merritt and Smith are very controlling here because at the time that motion was filed, there was no finding and there was no application. And so the question is, is without that, was the denial of that motion an abuse of the Veterans Court discretion? And I think Merritt and Smith are clear on that. Can I ask this question? Some of the discussion here has been about this being essentially an issue of standing. In other contexts, a court of appeals, which ordinarily cannot make fact-finding, just like the Veterans Court, does actually make a determination on standing by receiving declarations. That's what we do in the patent context when an unsuccessful challenger to a patent, unsuccessful before the Patent Trial and Appeal Board, loses and then wants to take an appeal. There was no Article III requirement before the Patent Board. There is here. Suddenly there's a standing question, and the way that we deal with that is we allow declarations to be submitted to establish under a kind of defined standard that there is standing. Why would the Veterans Court not have the same ability to do that, notwithstanding that it, like any other court of appeals, is not supposed to make fact findings? Under its procedures, they need to reach that determination of whether there's accrued benefits, and there's fact-finding that cannot simply be done through affidavits declaration because the issue is broader than standing. The issue is whether or not the individual is sufficient and where they stand on the priority of claims. If there is a child or a spouse within the order, that needs to be determined by the agency and make those factual determinations. In this particular case... Did you get that law from Breedlove? Is that what you're relying on to answer this question? So Breedlove is informative there, but also the idea that fact-finding is done by the agency, I think, is pretty well established. So what Judge Tronto was saying is that in standing situations, we sometimes have to make fact findings. So why couldn't that be done by the Veterans Court, setting whatever Breedlove says aside? Because there's an eligibility determination, whether one satisfies that requirement as a matter of eligibility, which is accrued benefits, and the eligibility... Merritt rejected that proposition that we or the Veterans Court can make the standing determination. It said you've got to go back and make an application to the VA for the accrued benefits. Correct. There needs to be an application, fact-finding by the agency, and then once that is done, the substitution motion brought before... Merritt decided in this court, to the extent there was any doubt, Smith resolved that with respect to Rule 43 substitution motions at the Veterans Court. And so what the precise issue the court is confronted with here is, on the filing of that Rule 43 motion at the Veterans Court, in the absence of any fact-finding by the agency that this individual is indeed an accrued benefits claimant, and the absence of any application, whether or not that was an abuse of discretion, and it was not, and Merritt and Smith... Can I ask you another question? Breedlove says that the Veterans Court, in determining this question, could remand the question of whether a person qualifies under Section 5121, or direct the secretary to inform the court within a set time period, whether they satisfy that. Why didn't that happen here? It did happen here. What happened was... I don't see any order where the court remanded to the VA to make a determination on this issue, that is, whether she was entitled to accrued benefits under 5121. If that's a prerequisite, as Breedlove requires, in Breedlove they have certain procedures that they mention that could be done. It says may. But they weren't followed here that I can tell. So I should clarify, there was a show cause order, and then there was an opportunity... I understand, but what I said isn't the same as a show cause order. What I said was a remand from the Veterans Court to the agency saying, hey, VA, tell us whether Ms. Rodenheiser qualifies under 5121. That didn't happen, right? So a remand did not, but the... But they never requested it either. They never asked for it. They never directed the agency, right? They never said to the agency, please let us know whether she satisfies 5121. We'll give you five months to give us an answer. They didn't certify a question to the agency. They didn't remand to the agency. I'm just trying to make sure I understand the basic facts, which are... Procedurally, it did not happen in that precise way, but there was an opportunity for the agency to say whether there's an accrued benefits, whether there's an opportunity to respond and an opportunity... I know there was brief, and I just wanted a yes or no answer. A remand did not occur. Nor did they ask the agency for an answer. They did have a show cause order seeking... The answer being, has she shown, please make the factual determination of whether she satisfies 5121. That didn't happen, right? No, no, that did happen, right? I mean, that's the basis for her claim that's pending now before the Veterans Court. I understand, but that's a separate... Not in this case. In this appeal, it didn't happen. Right. That's what I meant. So, at the Veterans Court, there was a pending claim. I'm sorry, the form that they filed on appendix page 61 through 62. In that other case, in that other claim stream, that determined that. So, the question is, is that with the specific... Okay, so going back to this, why do you think there wasn't a remand here? Why didn't the Veterans Court say, hey, Ms. Rodenheiser, why don't you go file a paper under 5121? And nobody seems to be looking out for her. Two reasons. One, there was opportunity to make that application for accrued benefits within the time of briefing and the show cause order, so it provided an opportunity. Who told her to file it? And the court didn't tell her to file it. Well, through briefing and just the law, it should have been clear that that sort of filing was needed and that was not done. Instead, what Ms. Rodenheiser tried to do was say, none of that is needed. All you need to do is file this substitution motion without any sort of... Well, no, that's not true. She started a proceeding before the VA to establish her standing. And the question, it seems to me, that Mr. Carpenter is saying is, under those circumstances, you can't just simply dismiss her substitution request and dismiss the appeal and deny the substitution request. You've got to hold the case until her standing is resolved. There are two ways to go about this, I guess. One would be for the Veterans Court, faced with a motion for substitution, to remand the case to the VA to determine eligibility. That's a possibility mentioned in Breed Law. The other possibility is, under the Statute 5121, to make the application to the VA for accrued benefits and pause the Veterans Court case until that determination has been made at the VA. So procedurally, and I know my time has expired, procedurally what the Veterans Court did that accomplished the same effect as that latter thing was to vacate the BVA decision and allow that to pursue. But she has to start over as a result of that, right? Well, if she is successful... Assuming she establishes standing, she has to start over. So the agency could notice those other decisions. The claims have already been briefed, and so there's no prejudice there, and that's what the Veterans Court did. I don't understand. If the Veterans Court dismissed the appeal by the veteran from the failure to award benefits, how does that appeal get reinstated once she establishes standing? So it would not be reinstated. She can file whatever motions she would want, but the appeal would not be restated because the Veterans Court identified this other process.  There's also a waiver problem. She has to start over, right? She would have to litigate before the BVA, and she has a waiver issue as well. I just don't understand how that is sensible. The veteran has brought his case all the way to conclusion in the Veterans Court, and you're saying that because the veteran died, she has to start over instead of being substituted in the veteran's own case. I agree that she has to establish standing in order to do that, but I just don't understand how the Veterans Court can get away with dismissing the case and forcing her to start over. I just don't get that. At the end of the day, she can still get those benefits. It's procedurally different, but at the end of the day, she still has a path for accrued benefits, and that's another claim. I respectfully request that the court affirm the decision of the Veterans Court, and depending on the results of the case, we may be back here again. She can still get accrued benefits depending on the result of that other… Can I just double-check something? The appendix, page 41 to 42, is your July 2021 filing, in which you say, I guess the Veterans Court wanted to know your view of eligibility, and you say, as of the filing of this response, no application for accrued benefits has been received. As a result, Agency of Original Jurisdiction has not made a determination because there hasn't been a 5121 accrued benefits application without a final determination. The secretary remains unable to state a position with respect to the motion to substitute. At that point, there was two months left on the 5121C clock, yet that paper does not say the clock is ticking. You need to file this document under 5121C in order to make any progress on your substitution claim. So I think the case law and I think that specific provision makes it clear that one year is what's required, and so Ms. Rodenheiser could have filed an application for accrued benefits anew, or if she is successful in her appeal challenging that form on appendix page 61 and 62, that's another basis. But there was ample notice and opportunity to file that, another application, and be able to satisfy that. But it never occurred. And so the Veterans Court was confounded. We're trying to force her to file the application before the time limit ran. Excuse me? You're forcing her to file the application before the VA, before the one-year time limit ran. That's the requirement. No. There's a one-year time requirement. It doesn't say she's out of luck if she files 10 months in one day. That's correct. She needs to file an application for accrued benefits within one year. I believe that's well established by case law and the plain text. So if she did that, she should be able to continue with the appeal, the merits appeal before the Veterans Court. But that's not the case this court is confronted with. Pardon? That's not what this court is confronted with because it never occurred. It's still pending. In another case. Okay. Thank you. Mr. Carpenter, you got about two minutes. Would you be satisfied if we sent this case back to the Veterans Court and told them they were obligated to hold the motion for substitution until she established standing before the VA? Standing? Yes. I don't. And just, I'm presuming that given, oh, and that would, is there any basis for establishing that other than winning the parallel appeal to the effect that the form that was filed in November 2020 was sufficient to. I don't believe there would be, Your Honor, no. No other basis. Okay. Because of the one-year clock. No. Okay. The only thing I would ask this court to do is to review the Secretary's regulations at 3.1000 and 3.1010. One applies to substitution, one applies to accrued benefits, and make a determination that the factual determination for substitution is to be made by the Veterans Court and not by, as in, as directed in Breedlove, the VA's determination. Okay. But that is contrary to merit, I think. I don't believe it is, Your Honor, when you understand what the Secretary did by regulation. The decision in Breedlove was decided in 2010. The Secretary did not promulgate regulations for substitution until 2014. And in those regulations at 3.1010A, he defines eligibility and clearly states that it is a person who is eligible for accrued benefits, not to make an application for, but eligible for, in the priority order, may request substitution and may continue the current claim or appeal. Now, I'm sure it's referring to an administrative appeal as opposed to a court appeal. But in subparagraph D, it defines the evidence of eligibility, and it says evidence of eligibility to substitute means evidence demonstrating that the person is among those listed in the category of eligible persons. If the person requested is not eligible, then he may not be substituted. That is what controls substitution, and all that the Veterans Court needed to do under its regulation was to determine whether or not she did or didn't have standing as an appropriate person who made a request to be substituted. Can I ask this question? So there's been talk about the other possible eligible accrued benefits people.  Does, for her to be eligible, must there be a finding that the money, that there would be money remaining if the veterans appeal were successful, money remaining for her down low in the list, or is that really not an issue? That's not an issue. The only thing that would preclude would be someone in the list above a person who paid the funeral expenses, and those persons are a surviving spouse, and there is none in this case. No, no, I'm asking a legal question. So I think one of the things that Mr. Jordan said, which would make the factual issue kind of more complicated than otherwise, is that one needs to know who else might be there as a substitute and what money might be left, and that I took the point of that to be an assertion that she would not be eligible unless it were clear enough that she might get some money, as opposed to she's listed in A6, she's eligible, now you can substitute, never mind whether there are people ahead of her. The only way she's eligible under A6 is there is no one ahead of her who is eligible, and there is no one eligible, and that would have to be someone coming forward, and the court could certainly order the court to determine it, but this is the mother who knows whether or not her son was or wasn't married, does or doesn't have any minor children. There is no one else on the list of the hierarchical listing under 5121 for those persons who- So in your view, there is a factual question. The factual question is did she pay for the funeral benefits, and if she has documents- And that was submitted to the VA, and that was submitted to the court. What's the issue about eligibility that's pending now in the Veterans Court? The Board of Veterans' Appeals, on different basis than the regional office, denied substitution under 3.1010. Because? Well, the agency denied because there was no pending claim. The board denied because she was what they referred to as an adult parent, and therefore not eligible as an adult parent. And, of course, she's not- She doesn't make her application to be substituted as the parent, but as the person who is responsible for the payment of the funeral expenses. Okay. Thank you. Thank you. Thank both counsel. The case is submitted.